## Phœnix Bank *versus* John Bumstead.

The plaintiffs, who were the holders of a promissory note of a corporation, in which the stockholders were personally liable for its debts, agreed with the defendant, who had purchased up most of such debts, that they would accept thirty-five per cent of the amount due on the note, and deliver the note to him, but that, in case one F. should be considered chargeable with the amount of such note, by reason of his being or having been a stockholder, whatever might be obtained from F. should belong to them, the defendant not assuming to make any attempt for the recovery thereof from F. except at their request and expense, and being authorized to discharge any other member of the corporation, however it might affect the claim reserved in favor of the plaintiffs against F. At the time when this agreement was made, an action was pending, in which the liability of F. was in controversy; but before it was decided, the defendant, in consideration of a certain sum paid by F., without the knowledge of the plaintiffs, made a compromise with him of all claims against him on account of the debts of the corporation, including the note in question, and discharged him from all his supposed liability therefor, but without discharging the other members of the corporation. The plaintiffs afterwards, and when the note was barred by the statute of limitations, directed the defendant to take all necessary measures for the collection from F. of the balance due on the note, and authorized him to draw on them for the expenses thereof. It was *held*, that as the defendant had authority to discharge the other corporators, the effect of which would be to exonerate F. from liability, except perhaps for his share of the debts in proportion to the amount of his stock, if the defendant could make a compromise with F. equally favorable to the plaintiffs without discharging the other corporators, he had authority to do so and the plaintiffs were not entitled to recover of the defendant the whole sum due on the note.

*Held* also, that although it had never been determined that F. was legally liable, yet as he had made a voluntary payment to the defendant on account of this note, the plaintiffs were entitled to the benefit of it.

This was assumpsit to recover a balance alleged by the plaintiffs to be due to them from the defendant, upon two promissory notes, one, dated December 26th, 1826, for $731·60, and the other, dated January 31st, 1827, for $984·96, payable to and indorsed by the treasurer of the Boston Glass Manufactory.

The parties stated a case.

Prior to July 24th, 1830, the defendant had become one of the assignees of the property of the Boston Glass Manufactory, and was engaged in purchasing up the debts due from that corporation, for which provision was made in the assignment. On that day the defendant, having disclosed to the plaintiffs, who were the holders of four notes indorsed by the treasurer of the Boston Glass Manufactory, including the notes in suit, the situation of the assigned property, entered into an agree-

ment with them in respect to such notes, by which the plaintiffs "consented to accept said Bumstead's offer of $\frac{35}{100}$ of said debt, and to deliver said notes to him, with the understanding and agreement on the part of said Bumstead, that in case Ebenezer Francis, Esq. shall be considered chargeable with the amount of said notes or either of them, by reason of his being or having been a member of said glass manufactory, all and whatever sum or sums of money, which shall or may be obtained from said Francis, is and are to belong to and be taken for the use of said bank, and that any and all other benefits and advantages, rights, claims and demands which result from or arise under said notes or either of them, are to be enjoyed by said Bumstead. Said Bumstead does not assume to do any act, or make any attempt for or towards the recovery of said notes or either of them from said Francis, except at the request and expense of said bank." "It is understood, that the foregoing agreement empowers the said Bumstead to discharge any and all other corporators, however it may affect the claim reserved in favor of the Phœnix Bank against said Francis."

At the time when the parties entered into this agreement, there was an action pending, in which Francis claimed damages from the sheriff of Suffolk county, for levying an execution issued in favor of the Washington Bank against the Boston Glass Manufactory, upon the property of Francis, as a stockholder liable for the debts of the corporation. This action was defended by the present defendant in pursuance of an agreement made by him with the Washington Bank, who had assigned to him the judgment against the Boston Glass Manufactory, it being agreed, that he should account to that bank for a portion of any moneys received by virtue thereof. A verdict was returned in this action against Francis, but no judgment was rendered thereon, a motion having been made for a new trial.

On June 4th, 1833, the motion for a new trial being then pending, and there being notes of the Boston Glass Manufactory outstanding and due to the amount of $110,053·95, for the payment of which the defendant, who had previously purchased the most of them, claimed to hold Francis liable, the defendant made a compromise with Francis of all claims against

him under such notes, giving a schedule of them including **the**
two notes now in suit, and received of Francis the sum **of**
$ 18,C00 therefor.  The defendant expended the sum of
$ 2,500 in his proceedings to recover the claim against Fran-
cis.  In pursuance of this compromise the defendant executed
an instrument, whereby he covenanted that he would never
make or suffer to be made any claim against Francis, nor suf
fer any action to be prosecuted against him, for or on account
of the notes, judgments and claims against the Boston Glass
Manufactory, which were assigned to the defendant, and that
he would indemnify Francis against all claims which might be
made by any member of that corporation for contribution, and
against all other claims which could in any wise be made
against him by reason of his being or having been a member
of that corporation.   The instrument further set forth, that the
defendant had deposited the notes, assignments of the judg-
ments, &c. with three persons as trustees, upon the trust, that
they would permit him to institute suits thereupon, or other-
wise to use the same so far as might be necessary for the en-
forcing of such claims ; and that the defendant thereby consti-
tuted such trustees to be so far his attorneys irrevocable, in
such suits or claims, as to prevent the same from being preju-
dicial to Francis, with full power to release him from any claim,
attachment or arrest that might be made by virtue thereof, it
being understood, however, that any liability which Francis
might be supposed to be under to any corporator, against whom
such suit or claim might be brought or made, by way of con-
tribution, should not be taken to be such prejudice or injury to
Francis as should prevent the bringing of the same, or justify
the trustees in discharging the same, as against such other cor-
porator.

The plaintiffs having learned from rumor, that a compromise
had been made between the defendant and Francis, applied to
the defendant on July 22d, 1833, for information on that sub-
ject ; but no information was received from him in relation
thereto, he being, as he alleged, under the impression, that
their counsel had been informed of the facts, and not suppos-
ing himself liable to the plaintiffs on account of the arrangement.

On November 25th, 1833, the plaintiffs passed a vote, au-

thorizing and directing the defendant to take all necessary and proper measures, at their expense, for the collection from Francis, of the balance due to them from the Boston Glass Manufactory, on certain notes delivered to the defendant, in conformity with the agreement made with him, and to draw on their cashier for the expenses incurred by him by virtue of such vote. Afterwards the plaintiffs obtained certain knowledge of the compromise between the defendant and Francis, and demanded of the defendant the balance due upon the notes ; and upon his refusal to pay the same, this action was brought.

If the Court should be of opinion, that the plaintiffs were entitled to recover in this action any sum of money of the defendant, upon these facts, he was to be defaulted, and judgment was to be rendered for such sum ; otherwise the plaintiffs were to become nonsuit.

*March 7th.*    *Sohier*, for the plaintiffs, cited *Amory* v. *Hamilton*, 17 Mass. R. 103 ; *Hemenway* v. *Hemenway*, 5 Pick. 389 ; *Deland* v. *Amesbury W. & C. Manufacturing Co.* 7 Pick. 244 ; *Thompson* v. *Stewart*, 3 Connect. R. 171 ; *Armstrong* v. *Gilchrist*. 2 Johns. Cas. 424.

*J. Mason* and *C. G. Loring*, for the defendant.

*April 5th.*    WILDE J. delivered the opinion of the Court. Upon the facts stated in this case, we think the plaintiffs are clearly entitled to recover the proportion of the sum of $ 18,000, which was paid on account of the two notes on which their present claim is founded, after deducting from the whole sum the defendant's expenses in his proceedings to recover the amount of such claims.

It is objected, that the question as to Francis's legal liability to pay those claims has never been determined ; that it does not now appear that he was so liable ; that by the terms of the agreement the defendant was not bound to make any attempt to recover such notes from Francis, except at the request and expense of the plaintiffs ; and that he was not requested by the plaintiffs to commence a suit for the recovery of such notes, at their costs and charges, until the demands were barred by the statute of limitation.

These objections have not been pressed by the defendant's

counsel, and are of no avail. The essential part of the agreement between the parties is, that all moneys obtained from Francis on these notes shall belong to and be taken for the use of the plaintiffs. It is immaterial whether Francis was or was not liable, since the money has been fairly obtained from him, and cannot be reclaimed. It is not denied, that the payment was voluntarily made, with a full knowledge of all the facts relating to his supposed liability ; and there is, therefore, no legal or equitable ground on which the defendant can resist the plaintiffs' claim, for the money expressly received for their use under the agreement.

The only remaining question to be considered is, whether the defendant is liable for any further sum than that actually received. The plaintiffs claim the whole balance due on the notes, because the defendant had no right to make any composition as to these notes, without their consent ; and by giving to Francis a discharge from his supposed liability, or a bond of indemnity equivalent to a discharge, the defendant has rendered himself liable to pay the full amount due on the notes.

This claim appears plausible, but after carefully considering the terms of the agreement, in connexion with the circumstances of the case, we are of opinion, that it cannot be sustained. It is evident, that at the time when the notes in question were transferred to the defendant, and the agreement was made respecting them, the claim upon Francis was considered by the parties as of doubtful validity ; otherwise these and other notes against the manufactory would not have been sold at so great a discount. The defendant, however, was not required to do any act, or make any attempt to enforce the claim against Francis, except at the request and expense of the plaintiffs ; and for a long time after, no such request was made. But it was expected that something might be obtained by the defendant of Francis without suit.

From these and other facts and circumstances, it seems reasonable to infer, that there was an understanding between the parties, that the defendant should deal with the notes transferred to him by the plaintiffs in the same manner as he should deal with his other claims on Francis, in which his interest and theirs were in all respects similar. These claims were large,

and he had strong motives to make the most of them. He must be presumed to have acted with full consideration, and upon the best advice, and with the belief that the compromise would be beneficial both to himself and to the plaintiffs. There is no reason for believing that the compromise was not thus beneficial. It does not appear that Francis was liable ; and under the circumstances of the case we think the plaintiffs are not entitled to recover damages of the defendant for discharging Francis from his supposed liability, without showing that he was in fact and by law liable. Without showing this they would be entitled to nominal damages only, although the defendant had by mistake exceeded his authority.

It does not, however, appear that the defendant has exceeded his authority. He had authority under the agreement, to discharge all the corporators, except Francis, however it might affect the plaintiffs' reserved claim against him. The effect of such a discharge would be to exonorate Francis from all liability, except perhaps for his share of the debt, according to the amount of his stock, and the proportion it bore to the whole stock of the company, whether any or all the corporators were insolvent or solvent. Now, although the defendant has not in fact discharged the other corporators, yet if he could make a compromise equally favorable to the plaintiffs, without making such a discharge, we think he had authority so to do, and that the plaintiffs are in no manner prejudiced thereby.

On these considerations judgment must be rendered for the plaintiffs ; not, however, for the balance due on the notes, but for their share of the money actually received of Francis by the defendant, deducting their share of the expenses.

*Judgment for the plaintiffs.*